UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br>　　　　Plaintiff,<br>　　v.<br>JERRY BODDUM, et al.,<br>　　　　Defendants. | Case No. 21-cv-04926-PJH<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 17 |

Before the court is plaintiff's motion for default judgment. Dkt. 17. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for January 27, 2022 is VACATED. Having read the papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS for the following reasons.

**I.   BACKGROUND**

Plaintiff filed this action on June 28, 2021, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Dkt. 1 at 5–7. Plaintiff is an individual with cerebral palsy who uses a wheelchair for mobility. Id. at 1. Plaintiff alleges that structural barriers denied him meaningful access to the real property located at 4917 Telegraph Ave, Oakland, California ("Tattoo 13"), owned by Jerry Boddum and Mary Ann Boddum ("defendants"). Id. at ¶¶ 11–14. Specifically, plaintiff alleges defendants failed to provide wheelchair accessible paths to the property and failed to provide accessible door hardware. Id. at ¶¶ 12, 15.

Defendants were served with the summons and complaint on July 20, 2021 and

1  August 12, 2021. Dkt. 10–11. Defendants did not respond. Plaintiff moved for an entry
2  of default on October 20, 2021, which the clerk entered against each defendant on
3  October 22, 2021. Dkt. 13–16. Plaintiff moved for default judgment on December 16,
4  2021, and defendants were served the motion on the same day. Dkt. 17, 17-13.

## II. DISCUSSION

### A. Jurisdiction and Service of Process

#### 1. Subject Matter Jurisdiction and Personal Jurisdiction

A court has a duty to examine both subject matter and personal jurisdiction when default judgment is sought against a non-appearing party. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The court has subject-matter jurisdiction over plaintiff's ADA claim because it arises under federal law, see 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's Unruh Act claim because it shares a common nucleus of operative fact with the ADA claim, see 28 U.S.C. § 1367(a). The court also has personal jurisdiction over defendants because they own the California real property at issue in this action, Tattoo 13. Dkt. 17-7. And public records suggest defendants reside in California, thereby subjecting them to general personal jurisdiction in this court. Id.

#### 2. Service of Process

A court must also assess whether the defendant against whom default judgment is sought was properly served with notice of the action. See Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008). Here, defendants were personally served, and thus had notice. Dkt. 10, 11.

### B. Default Judgment

After entry of default, a court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), guided by the following factors:

(1) the possibility of prejudice to the plaintiff[;] (2) the merits of

1
2
3

> plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, the Eitel factors weigh in favor of granting default judgment.

### 1.   Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff will suffer prejudice. Here, because defendants did not respond to plaintiff's complaint, plaintiff's only recourse is a default judgment. Thus, this factor weighs in favor of default judgment.

### 2.   Merits of Plaintiff's Claims & Sufficiency of Complaint

The second and third factors, "often analyzed together," require the plaintiff "to plead facts sufficient to establish and succeed upon its claims." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). After entry of default, the factual allegations in the complaint related to liability are accepted as true and deemed admitted. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "The district court is not required to make detailed findings of fact." Id.

Plaintiff seeks default judgment on his ADA and Unruh Act claims. To prevail on a Title III discrimination claim, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). "California's Unruh Civil Rights Act operates virtually identically to the ADA." Id. at 731.

Plaintiff has satisfied the elements of these claims. First, plaintiff has shown he is disabled under the ADA. Under the ADA, a physical impairment that substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C. §§ 12102(1)(A), 12102(2)(A). Plaintiff uses a wheelchair for mobility. Accordingly, plaintiff has a physical impairment that substantially affects a major life activity. Second, plaintiff has shown that

defendants own a public accommodation. Defendants' tattoo parlor is a service establishment, which meets the definition of a "public accommodation." 42 U.S.C. § 12181(7)(F). Third, plaintiff has shown that he was denied access to a public accommodation due to his disability because Tattoo 13 failed to have a wheelchair path or doors with accessible hardware.

Accordingly, plaintiff's ADA and Unruh Act claims satisfy the second and third Eitel factors.

### 3. Money at Stake

The fourth factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Eitel, 782 F.2d at 1471–72. The sum of money at stake is not substantial here. Plaintiff seeks to recover a total of $10,822.00 in awards ($4,000.00 in statutory damages per defendant and $2,882.00 in attorneys' fees and costs). Thus, the sum of money at stake is appropriate and weighs in favor of granting default judgment.

### 4. Possibility of a Dispute Concerning Material Facts

The fifth factor considers the possibility of a dispute of material fact. Id. But there is no indication that the material facts are in dispute, and the well-pleaded allegations in the complaint as to liability are deemed admitted. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Thus, this factor weighs in favor of default judgment.

### 5. Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendants were served with the summons and complaint on July 20, 2021 and August 12, 2021. Plaintiff notified defendants of the entry of default on October 20, 2021, and defendants were served this motion on December 16, 2021. As such, defendants were made aware of this suit, making this factor weigh in favor of default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1472. But defendants' failure to respond to plaintiff "makes a decision on the merits impractical, if not impossible." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Accordingly, this factor weighs in favor of granting default judgment.

* * *

In sum, all seven <u>Eitel</u> factors weigh in favor of granting default judgment.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT:

1. Plaintiff's motion for default judgment is GRANTED; and

2. Plaintiff is granted injunctive and monetary relief, as is detailed in the corresponding judgment.

**IT IS SO ORDERED.**

Dated: January 21, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge